IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIC J. TERLOSKY,

      Plaintiff,

v.                              Civil Action No. 5:11CV26
                                       (STAMP)

JAMES A. MATTHEWS, JR., individually
and in his capacity as agency and
employee of Marshall County
Sheriff's Department and
MARSHALL COUNTY COMMISSION and
MARSHALL COUNTY SHERIFF'S DEPARTMENT,
political subdivisions of the
State of West Virginia,

      Defendants.


**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT MARSHALL COUNTY**
**SHERIFF'S DEPARTMENT'S MOTION TO DISMISS**

I.  Procedural History

On February 16, 2011, the plaintiff in the above-styled civil action filed a complaint asserting grievances that arise from an incident that occurred on January 4, 2011 near his home in Moundsville, West Virginia.  The plaintiff asserts that he was subjected to excessive force by Deputy James A. Matthews, Jr., an employee of the Marshall County Sheriff's Department and/or the Marshall County Commission.  The plaintiff brings this action pursuant to 42 U.S.C. § 1983 and includes claims of unlawful arrest and excessive force.  Additionally, the plaintiff asserts state law claims of intentional infliction of emotional distress, assault, battery, defamation, false imprisonment, and civil conspiracy.

Finally, the plaintiff claims that the Marshall County Commission, Deputy Matthew's employer, as well as the Marshall County Sheriff's Department, negligently hired, trained, supervised, and retained the deputy. Defendant Marshall County Sheriff's Department filed a motion to dismiss on March 10, 2011, to which the plaintiff did not respond. This motion is currently pending before this Court.

## II. Facts

On January 4, 2011, Deputy John Pelley of the Marshall County Sheriff's Department initiated a traffic stop of the plaintiff's wife, Meagan Terlosky, near their home in the Moundsville, West Virginia. When the plaintiff, who was at home, saw that his wife had been stopped by a police officer, he walked outside and approached Deputy Pelley and provided the registration card for the vehicle that Mrs. Terlosky was driving. The plaintiff then told Deputy Pelley that he would retrieve the proof of insurance documentation from inside his home.

Upon arriving at the scene of the traffic stop to assist Deputy Pelley, defendant Deputy Matthews observed the plaintiff leaving the scene. Deputy Matthews verbally directed the plaintiff to stop, and when the plaintiff continued to proceed toward his residence, Deputy Matthews used his taser device to immobilize the plaintiff. Deputy Matthews then allegedly seized and struck the plaintiff, then placed him under arrest for obstructing a police officer.

### III. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the

allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a).  <u>Id.</u> § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Nemet Chevrolet</u>, 591 F.3d at 256 (quoting <u>Iqbal</u>, 129 S. Ct. at 1949).  Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief about the speculative level." <u>Twombly</u>, 550 U.S. at 555.

In this case, the plaintiff did not respond to the defendant's motion to dismiss.  However, Mr. Terlosky's failure to file a response does not relieve the Marshall County Sheriff's Department from the burden imposed upon the moving party.  <u>See</u> <u>Custer v. Pan Am. Life Ins. Co.</u>, 12 F.3d 410 (4th Cir. 1993).  The Court in <u>Custer</u> held that while "the failure to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show the uncontroverted facts that entitle the party to 'a judgment as a matter of law.'" <u>Id.</u> (quoting Fed. R. Civ. P. 56(c)).  Applying <u>Custer</u> to the case

at bar, the movant must demonstrate to this Court's satisfaction that it is entitled to the relief requested.

## IV.  Discussion

In support of its motion to dismiss, the Marshall County Sheriff's Department argues that it is not a proper party to this case, thus, the claims against it must be dismissed.  Specifically, the Sheriff's Department contends that it is not a person within the meaning of § 1983, nor is it a subpart of the county or a separate political subdivision.  Because the Sheriff's Department is not a cognizable legal entity, the defendant concludes that it cannot be a party to this action.  The plaintiff did not file a response.  Even so, this Court must decide the motion to dismiss on the merits.

This Court finds that the Marshall County Sheriff's Department is not a proper party to this action.  Whereas West Virginia law authorizes a county commission to sue or be sued, see W. Va. Code § 7-1-1, state law does not appear to contain any similar provision for county sheriff's offices.  Therefore, the Marshall County Sheriff's Department has no status independent of the Sheriff in his official capacity which would permit that office to sue and be sued.  Nor is the Marshall County Sheriff's Department a governing body of -- or policy-making entity for -- the county.  As the Fourth Circuit has observed, "in the realm of county law enforcement," it is not the office of the sheriff but "the sheriff

[who] is the duly delegated policy maker for the county." <u>Revene</u>
<u>v. Charles Cnty. Comm'rs</u>, 882 F.2d 870, 874 (4th Cir. 1989).
Therefore, a claim against the office of the sheriff is
"effectively a claim against the governing body of the of the
County." <u>Id.</u> Accordingly, the plaintiff has improperly named the
Marshall County Sheriff's Department a defendant in this action.
Consequently, the complaint against the Marshall County Sheriff's
Department will be dismissed. This Court notes that the plaintiff
has properly named the governing body of the county, the Marshall
County Commission, as a defendant.

## V. <u>Conclusion</u>

For the foregoing reasons, this Court finds that the Marshall
County Sheriff's Department is not a proper party to this action.
Therefore, the motion to dismiss by the Marshall County Sheriff's
Department is GRANTED. Accordingly, it is ORDERED that the
plaintiff's complaint against the Marshall County Sheriff's
Department be, and hereby is, DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum
opinion and order to counsel of record herein.

DATED:    March 31, 2011


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE